Robert H. GRAY, Plaintiff,

v.

MONTGOMERY WARD & COMPANY, a corporation, Defendant.

Civ. No. 63–118.

United States District Court
D. Oregon.

Nov. 14, 1963.

of value for the administrative purposes and expertise of the Patent Office and upon collateral attack, the presumption is of little or no probative evidentiary value upon a direct judicial attack of validity. In fact, the "presumption of validity of administrative grant has been in recent years almost reduced to nullity in patent cases." Jacuzzi Bros. v. Berkeley Pump Co., 9 Cir., 191 F.2d 632, 635.

When I look at the Figs. in the patent and then at Gray's winch and his early models produced in evidence, I recall my boyhood morning chore of filling the woodlift with a day's supply of kitchen firewood and then putting a hand to the windlass, made secure with the clanking pawl upon the ratchet, to lift it up. Then, when I put to mind the question here—whether, on the whole teachings of the prior art as in evidence here Gray can be considered to have made an "invention" within the allowable limits of Title 35 U.S.C.A. § 103, I can no better state my thinking than to use the text of defendant's counsel, appearing on p. 11 of his brief:

> "If Gray made any change over the prior art, it was routine assembly of old designs. This is not artistic creativity amounting to inventive genius which all the cases hold must be present in order to entitle one to the monopoly of a patent. Gray may ' * * * have happily combined matters of prior art into a pleasing assemblage. (He) may be credited with good taste and a sound sense of proportion, but not with creative invention.' Patriarca Mfg. Co., Inc. v. Sosnick, 9 Cir., 1960, 278 F.2d 389, 392."

For this decision, I paraphrase the following language in Bliss v. Gotham Industries, Inc., 9 Cir., 316 F.2d 848, 850:

> It is manifest from general knowledge and the prior art disclosed by the evidence here that Gray's winch is a combination of features of capstans, windlass and woodlift cranks which were well-known be-

---

Lamar Tooze, Jr., Tooze, Powers, Kerr, Tooze & Morrell, Eugene M. Eckelman, Portland, Or., for plaintiff.

J. Pierre Kolisch, Ramsey, Kolisch & Hartwell, Portland, Or., T. P. Jenkins, Indianapolis, Ind., for defendant.

EAST, District Judge.

It may well be, as plaintiff asserts, that Comet (the defendant's supplier of the accused device) deliberately set about to copy the assemblage and essential features of the Gray winch, but I am not sure from the evidence that Comet copied the design of the patented device shown in the Figs. of plaintiff's patent Des. 193,943. In any event, my first chore is to ascertain if Gray's claim of ornamental design for his winch is valid before being required to determine whether the accused device does infringe upon Gray's patent, be it a deliberate or accidental copy.

True it is that the Patent Office issued to Gray the design patent, and this grant carries with it a statutory presumption of patent validity. While this statutory presumption of validity is

fore Gray's design was begun. For valid patentability of a combination of old elements, the utilization thereof in combination must represent an exercise of inventive skill and creative talent beyond that of the ordinary designer chargeable with the knowledge of the prior art. What Gray did with his Mighty Muscle amounted to nothing more than an unstartling regrouping of old elements which demonstrated no originality born of inventive skill, creative talent or faculty. It is not sufficient that Gray has, as here shown, the talent of a good adapter, the required inventive skill and creative talent of inventing a new machine is absent.

For Gray's patent to be valid, the design in addition to being new and inventive, must be ornamental, that is, it must be the product of esthetic skill and artistic conception.

Gray's winch, while indeed handy and compact, is not ornamental and does not appeal to the eye as a thing of beauty and its spherical and easy to handle form does not relate more to appearance and to matters of ornament than to the age-old utility of a sphere and does not appeal to the esthetic emotion as a thing of ornamentation.

Furthermore, Jacuzzi, supra, 191 F.2d p. 637, tells us with certainty that "there is no invention in the placing together of devices well-known in the art, however novel and useful may be the results, unless a functional difference from all previously known constructions be achieved."

I conclude in the vein of Bliss that Gray's patent, with its claim of ornamental design, is invalid, because the design as revealed by the Figs. "was dictated primarily by functional or mechanical requirements" of the utilization of old mechanical principles "and any ornamental or so-called pleasing effect (of the winch) patterned thereafter was only a by-product * * *"

Accordingly, plaintiff must fail upon his contentions of validity of the patent Des. 193,943, and the remaining issues of an alleged infringement and resultant damage become moot. The defendant is entitled to judgment for costs.

Counsel for the defendant should submit proposed findings of fact, conclusions of law and judgment.